# EXHIBIT B

MARGOLIS EDELSTEIN
By:  Richard J. Margolis, Esquire
I.D. No. 40574
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA   19106
rmargolis@margolisedelstein.com
(215) 931-5851
(215) 922-1772

Attorney for Plaintiff, Marshall Keese

*Filed and Attested by the
Office of Judicial Records
10 FEB 2020 12:24 pm
M. RUSSO*

---

MARSHALL KEESE
477 MINERVA STREET
PHILADELPHIA, PA. 19142

vs.

FRONTIER AIRWAYS
4545 AIRPORT WAY
DENVER, COLORADO 80239

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO.   191100998

---

## CIVIL ACTION - COMPLAINT
## 2O - NEGLIGENCE

### NOTICE

You have been sued in court.    If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20 ) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.    You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.    If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone (215) 238-6333
TTY(215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification.     Have falta asentar una comparencia escrita o en persona o con un abofado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Dea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.     Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.     Usted puede perer dinero o sus propiedades u otros derechos importantes para usted. Lleva esta demanda a un abogado inmediamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tl servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono (215) 238-6333
TTY (215) 451-6197

EXHIBIT B

Case ID: 191100998

MARGOLIS EDELSTEIN
By:   Richard J. Margolis, Esquire
I.D. No. 40574
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA   19106
rmargolis@margolisedelstein.com
(215) 931-5851

Attorney for Plaintiff, Marshall Keese

---

MARSHALL KEESE
477 MINERVA STREET
PHILADELPHIA, PA. 19128
                    vs.

FRONTIER AIRWAYS
4545 AIRPORT WAY
DENVER, COLORADO 80239

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO.   191100998

---

## CIVIL ACTION – COMPLAINT
## 2O - NEGLIGENCE

1.      Plaintiff, Marshall Keese, is an adult individual who resides at 477 Minerva Street, Philadelphia, PA 19128.

2.      Defendant, Frontier Airways, is a lawful business corporation with its principal place of business located at 4545 Airport Way, Denver, Colorado 80239 which at all relevant times, regularly, systematically and continuously conducted business in the City of Philadelphia and Commonwealth of Pennsylvania and is subject to the general and specific jurisdiction in the Courts of Common Pleas of Philadelphia County.

3.      Plaintiff, Marshall Keese, is a fifty-two (52) year male individual, who in March of 2017 underwent a left below the knee amputation, which, at all relevant times, requires him to wear a prosthetic leg.

Case ID: 191100998

4.      Plaintiff, Marshall Keese is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"),42 U.S.C. § 12101 et.seq., and its implementing regulations and the Air Carriers Access Act ("ACAA"),49 U.S.C. § 41705 and its implementing regulations.

5.      Plaintiff, Marshall Keese, leads an active life and routinely travels with friends and family and for social functions.

6.      Several weeks prior to June 13,2018, Plaintiff, Keese purchased an airline ticket from defendant, Frontier Airlines on it's online website and specifically requested and reserved a special handicapped seat assignment through the Frontier Airlines special services link on the Frontier Airways web site for an airplane flight from Philadelphia, Pennsylvania to Orlando, Florida on June 16,2018. He was to fly and vacation with his wife, Carol and daughter, Markietra and his son, Marshall Jr.

7.      Several weeks prior to June 13,2018, defendant, Frontier Airlines accepted Plaintiff, Keese's offer for the purchase of an airline ticket and reservation of a special handicapped seat and agreed to sell to plaintiff, Keese the specifically requested and reserved special handicapped seat assignment as noted on the Frontier Airlines confirmation ticket email of June 13,2018.

8.      On June 16,2018, Plaintiff, Keese arrived at the Philadelphia International Airport and went to the Frontier Airways check in counter where he was given his seat assignment and provided with a wheelchair and an assistant who then wheeled him through the security line and then to the Frontier Airways departure gate. It was only while he was boarding the plane did he realize that he was not being provided with a special seat assignment and was informed that no special seat was available or set aside as required by his special ticket purchase contract and federal law.

9.      As a result, and despite his objections that this was dangerous and unsafe for him, Plaintiff, Keese was placed in an airline seat in the rear of the Frontier Airways plane near the bathrooms and told to place his left leg with the protheses out into the aisle of the plane during the flight.

10.     Unfortunately, during the flight, a passenger coming from the bathroom tripped over Plaintiff, Keese's left leg and protheses while it was in the aisle and he suffered serious and permanent injuries as set forth in his medical records.

11.     As a result of this trauma, upon arrival in Orlando Airport, Plaintiff, Keese and his family were taken by Orlando EMS directly from the airport to Orlando Medical Center Emergency Room.

12.     While in Orlando, plaintiff, Keese was forced to rent a scooter for his use during his family vacation in Florida which unfortunately was shortened several days due to the pain and suffering he was enduring as a result of the incident and injuries he suffered on the plane.

13.     Since his return home to Philadelphia, plaintiff, Keese has been required to undergo reasonable and necessary medical care and treatment to his left knee, lower back and lumber spine and which continues to the present day and likely into the future and as more fully set forth in his medical records.

## COUNT ONE - NEGLIGENCE

14.     Plaintiff, Keese incorporates herein the allegations set forth in paragraphs 1-13 as fully as though the same were set forth herein at length.

15.     The aforesaid incident was caused solely by the negligence, carelessness, and recklessness of defendant, Frontier Airways, and which consisted, inter alia, of the following acts and/or omissions:

(a).    Failing to place plaintiff, Keese in a safe airline seat;

Case ID: 191100998

(b).    Failing to have due regard for the safety of the plaintiff, Keese while on the airplane;

(c).    Placing plaintiff, Keese in a seat and situation which was unsafe and dangerous under the circumstances;

(d).    Failing to ensure that plaintiff, Keese was provided with proper assistance during his flight to Orlando;

(e).    Failing to ensure that Plaintiff was safely accommodated on his airline flight;

(f).    Requiring plaintiff, Keese to sit in the particular seat that he was placed in despite it requiring him to place his left leg in the isle blocking passage;

(g).    Failing to act with due regard to the plaintiff,Keese in his position and circumstances;

(h).    Failing to properly train its employees to provide adequate services to disabled air travelers including plaintiff, Keese;

(i)    Negligence per se.

(j).    Violating numerous provisions of Title III of the "ADA" and the "ACAA";

(k).    Negligence as a matter of law;

(l).    Failing to properly supervise and train it's employees on complying with the Air Carriers Access Act, "ACAA";

(m).    Failing to properly supervise and train it's employees in complying with the Department of Transportation Rules set forth in Title 14 CFR Part 382 implementing the "ACAA";

(n).    Failing to comply with Title III of the "ADA";

Case ID: 191100998

(o).   Failing to seat plaintiff, Keese in a seat that did not require him to place his left leg and prothesis in the sole aisle on the plane creating a trip hazard and endangering plaintiff, Keese and other passengers;

(p).   Failing to provide personal assistance as he was seated in an unsafe seat.

(q).   Failing to provide plaintiff, Keese with reasonable accommodations for his disability including a seat where he was not forced to place his left leg with a protheses in the aisle;

(r).   Leaving plaintiff, Keese unattended;

(s).   Failing to provide both a means for plaintiff, Keese to sit in his seat with both of his legs in front of him given his physical condition and his prothesis;

(t).   negligently providing assistance to plaintiff, Keese;

(u).   allowing an employee's performance of his/her duties to proximately cause plaintiff, Keese to suffer serious physical injuries;

(v).   Otherwise breaching the high standard of care owed to Plaintiff, Keese.

16.   As a direct and proximate result of the carelessness, negligence and recklessness of defendant, Frontier Airways, plaintiff, Marshall Keese , suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

17.   As a further direct and proximate result of the carelessness, negligence and recklessness of defendant, Frontier Airways, plaintiff, Marshall Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

Case ID: 191100998

18.     As a further direct and proximate result of the carelessness, negligence and recklessness of defendant, Frontier Airways, plaintiff, Marshall Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses,  and may have unpaid medical bills and or liens incurred as a result of the said incident.

19.     Federal aviation law does not preempt application of state tort law to the airline industry.

20.     Federal aviation law does not impose any alternative standard of care to that of state tort law and the negligence claims are not preempted.

## COUNT TWO - BREACH OF CONTRACT

21.     Plaintiff, Keese incorporates herein the allegations set forth in paragraphs 1-20 as fully as though the same were set forth herein at length.

22.     On June 13,2018, Plaintiff, Keese and defendant, Frontier Airways entered into a written and implied contract to fly on Frontier Airways flight number 1673 with in a safe and proper seat and with the additional specific agreement for Special Services Accommodations to be provided to plaintiff, Keese by defendant, Frontier Airways from Philadelphia, PA to Orlando Florida and with the implied agreement that defendant, Frontier Airways would comply with all applicable common laws of the States and the United States of America including but not limited to the "ADA" and the "ACAA" and the subsequently issued rules implementing compliance with these laws. Defendant is in possession of said airplane ticket confirmation code # VBYN7Q.

23.     Despite said written and implied contract between the parties, defendant, Frontier Airways breached the said agreement by failing to provide a safe seating and the special services accommodations the defendant, Frontier Airways agreed to provide to plaintiff, Keese.

24.     Defendant, Frontier Airways failed to perform its contractual obligations to transport plaintiff, Keese to Orlando, Florida from Philadelphia, Pennsylvania by failing to provide him with a safe seating and the special services he purchased and a safe seat on the airplane.

25.     As a direct and proximate result of the breach of the express and implied contract by defendant, Frontier Airways, plaintiff, Marshall Keese, suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

26.     As a direct and proximate result of the breach of the express and implied contract by defendant, Frontier Airways, plaintiff, Marshall Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

27.     As a direct and proximate result of the breach of the express and implied contract by defendant, Frontier Airways, plaintiff, Marshall Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses, and may have unpaid medical bills and or liens incurred as a result of the said incident.

## COUNT THREE – VIOLATION OF "ACAA"

28.     Plaintiff, Marshall Keese incorporates herein the allegations set forth in paragraphs 1-27 as fully as though the same were set forth herein at length.

29.     The Air Carrier Access Act ("ACAA"),49 U.S.C. § 41705 et.seq. is the law which sets forth the obligations of air carriers as it relates to disabled travelers and Title 14 CFR Part 382 et.seq. sets forth the rules implementing the Act and prohibits air carriers from discriminating against passengers on the basis of disability and requires carriers to make aircraft other facilities and services accessible and requires carriers to take steps to accommodate passengers with disabilities.

Case ID: 191100998

30.     Plaintiff, Keese is an "individual with a disability" as defined by the "ACAA" and its regulations and he falls within the parameters of the Act.

31.     By failing to properly accommodate, Plaintiff, Keese by having and providing him a safe seat on his flight to Orlando, defendant, Frontier Airways violated the "ACAA".

32.     As a direct and proximate result of the violation of the "ACAA" by defendant, Frontier Airways, plaintiff, Keese, suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

33.     As a direct and proximate result of the violation of the "ACAA" by defendant, Frontier Airways, plaintiff, Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

34.     As a direct and proximate result of the violation of the "ACAA" by defendant, Frontier Airways, plaintiff, Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses, and may have unpaid medical bills and or liens incurred as a result of the said incident.

## COUNT FOUR – VIOLATION OF "ADA"

35.     Plaintiff, Keese incorporates herein the allegations set forth in paragraphs 1-34 as fully as though the same were set forth herein at length.

36.     Title III of the Americans with Disabilities Act ("ADA"),42 U.S.C. § 12101 et.seq. is a comprehensive civil rights law prohibiting discrimination on the basis of disability with respect to places of public accommodation, transportation and other areas of American life.

Case ID: 191100998

37.     Plaintiff, Keese is an "individual with a disability" as defined by the "ADA" and he falls within the parameters of the Act.

38.     By failing to properly accommodate, Plaintiff, Keese by having and providing him a safe seat on his flight to Orlando, defendant, Frontier Airways violated the "ADA".

39.     Defendant, Frontier Airways negligently provided plaintiff, Keese, a passenger with a disability, proper enplaning assistance which he had requested in violation of 14 C.F. R. Part 382 and 392.93,et.seq. and in violation of the Consent Order issued by the U.S. Department of Transportation on July 21,2017.

40.     As a direct and proximate result of the violation of the "ADA" by defendant, Frontier Airways, plaintiff, Keese, suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

41.     As a direct and proximate result of the violation of the "ADA"  by defendant, Frontier Airways, plaintiff, Marshall Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

42.     As a direct and proximate result of the violations of the "ADA" by defendant, Frontier Airways, plaintiff, Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses, and may have unpaid medical bills and or liens incurred as a result of the said incident.

WHEREFORE, Plaintiff, Marshall Keese hereby demands judgment against defendant, Frontier Airways in an amount in excess of Fifty Thousand Dollars ($50,000), plus interest, costs and other such relief as may be deemed just and appropriate.

Respectfully submitted:

MARGOLIS EDELSTEIN

BY: _____

RICHARD J. MARGOLIS, ESQUIRE
Attorney for Plaintiff, Marshall Keese

Date: February 10, 2020

## VERIFICATION

The undersigned verifies that the facts contained within the Complaint, are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the within is that of counsel and not of signer. Signer verifies that he/she has read the within and that the information is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the within are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of *18 Pa.C.S.A. §4904* relating to unsworn falsification made to authorities.

MARSHALL KEESE

Date: 2-8-20

File No.: 79952.0-0002