IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL KEESE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | No.: 2:20-cv-01219-NIQA |
| FRONTIER AIRWAYS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT FRONTIER AIRLINES, INC.'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, respectfully requests that this Court dismiss Counts III and IV of Plaintiff's Complaint. In support of its Motion, Frontier states as follows:

### I.      INTRODUCTION

This civil action arises from an incident that occurred on June 16, 2018 during a Frontier Flight from Philadelphia, Pennsylvania to Orlando, Florida. On February 10, 2020, Plaintiff Marshall Keese ("Plaintiff") filed a four-count Complaint in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, against Frontier alleging negligence (Count I), breach of contract (Count II), violation of The Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 *et seq.* (Count III), and violation of The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* (Count IV). (Plaintiff's Complaint (Doc. # 1-1) attached as Exhibit A.)

On March 2, 2020, Frontier removed this matter to the United States District Court for the Eastern District of Pennsylvania, Eastern Division, on the basis of federal question jurisdiction and diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. # 1). Pursuant to Fed.

R. Civ. P. 12(b)(6), Frontier seeks dismissal of Counts III and IV because these counts fail to state claims upon which relief can be granted.

## II.     LEGAL STANDARD

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the legal sufficiency of the complaint. In order to survive a motion to dismiss, Plaintiffs must plead more than legal conclusions and bare allegations that the "defendant unlawfully harmed [them]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Fed. R. Civ. P. 8 prohibits Plaintiff from relying on speculation and conclusory accusations alone. *Iqbal*, 556 U.S. at 678–79. Instead, Plaintiff must provide "a short and plain statement of the claim showing the pleader is entitled to relief," and this showing must include sufficient factual allegations to provide both context and plausible support for the legal conclusions. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56, 570. A court "will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient 'to raise a right to relief above the speculative level.'" *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 813 (E.D. Pa. 2016) (quoting *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3rd Cir. 2013) (quoting *Twombly*, 550 U.S. at 555)).

## III.     ARGUMENT

### A.     The ACAA Does Not Provide for a Private Right of Action

Plaintiff alleges that he is an "individual with a disability" as defined by the ACAA and that Frontier violated the ACAA by failing to accommodate him on a flight from Philadelphia, PA to Orlando, FL on June 16, 2018.  (Doc. # 1-1 at ¶¶ 30-31).  The ACAA provides that "in providing air transportation, an air carrier . . . may not discriminate against an otherwise qualified individual"

if "the individual has a physical or mental impairment that substantially limits one or more major life activities." 49 U.S.C. § 41705(a). Here, Frontier is not disputing that Plaintiff may be an individual with a physical impairment. Rather, Count III of Plaintiff's Complaint must be dismissed because the ACAA does not create a private cause of action under which Plaintiff may sue.

The issue as to whether "a given statute should be enforceable through private civil lawsuits is, like any aspect of statutory design, fundamentally up to Congress." *Stokes v. Southwest Airlines,* 887 F.3d 199, 201 (5th Cir. 2018). In *Three Rivers Center for Independent Living v. Housing Authority of the City of Pittsburgh*, 382 F.3d 412, 426 (3rd Cir. 2004), the Third Circuit noted the Supreme Court decision in *Alexander v. Sandoval*, 532 U.S. 275 (2001), and stated that "*Sandoval* mandates that an implied right of action can exist only where Congress creates a personal right, a plaintiff can enforce only personal rights through an implied right of action."

Prior to *Sandoval*, the Eastern District of Pennsylvania noted that "the ACAA does not even expressly provide a private right of action." *Rivera v. City of Philadelphia*, Case No. 97-cv-1130, 1998 U.S. Dist. LEXIS 1749 at *6 (E.D. Pa. Feb. 19, 1998). Since *Sandoval*, the Third Circuit has not ruled as to whether *Sandoval* permits an ACAA private right of action. *See Stokes*, 887 F.3d at 202 n. 1. However, the Fifth Circuit noted that "[s]ince *Sandoval*, every federal court to reach the issue has held that the ACAA's text and structure preclude a private right of action." *Id.* This includes the Middle District of Pennsylvania, which dismissed such a claim brought in a motion to dismiss in *Chipps v. Cont'l Airlines Inc.*, Case No. 3:05-cv-2024, 2006 U.S. Dist. LEXIS 10126 at *14 (M.D. Pa. Feb. 24, 2006), concluding that "the [ACAA] does not create a private remedy.

The *Chipps* court cited two other circuits, the Tenth and Eleventh, which found that the ACAA "did not expressly provide for a cause of action in a federal district court but provided an extensive regulatory enforcement scheme…" *Id.* at *10 (citing *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263 (10th Cir. 2004) and *Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002)). Simply put, Congress did not structure the ACAA to provide plaintiffs with a mechanism to enforce the statute through private civil lawsuits. Accordingly, Count III of Plaintiff's Complaint alleging a violation of the ACAA must be dismissed pursuant to Rule 12(b)(6).

**B.   Count IV Fails because the ADA Specifically Excludes Travel on Aircraft as Specified Public Transportation under the Act.**

In Count IV, Plaintiff alleges that he is an "individual with a disability" as defined by the ADA. (Doc. # 1-1 at ¶ 37). He references Title III of the ADA as "a comprehensive civil right law prohibiting discrimination on the basis of disability with respect to places of public accommodation, transportation and other areas of American life." (Doc. # 1-1 at ¶ 36). He alleges that Frontier negligently provided him "proper enplaning assistance which he had requested in violation of 14 C.F.R. Part 382 and 392.93[1] et seq…" (Doc. # 1-1 at ¶ 39). Plaintiff alleges that Frontier's alleged violations resulted in him suffering severe personal injuries and lost income. (Doc. # 1-1 at ¶¶ 40-42). Once again, Frontier is not challenging, at this stage, whether Plaintiff is an individual with a disability. However, as with Count III, Plaintiff's cause of action for a violation of the ADA also fails.

The Third Circuit has not addressed this issue. The Second Circuit, though, recently analyzed the issue as to whether an individual may sustain a cause of action under Title III of the ADA. *See Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2nd Cir. 2011). In *Lopez*, the plaintiff

---

[1] Frontier is unable to locate 14 C.F.R. § 392.93. To the extent Plaintiff is referring to 14 C.F.R. § 382.93 – "Must carriers offer preboarding to passengers with a disability?," there is no private right of action for any alleged violation of this provision.

alleged that JetBlue discriminated against her by failing to provide timely wheelchair assistance during a flight. *Id.* at 595. She filed suit lodging claims pursuant to the ACAA and ADA. *Id.* The district court granted JetBlue's motion to dismiss finding that "read liberally, Lopez's complaint could be understood to assert claims pursuant to the ACAA and ADA, neither of which entitled Lopez to bring an action against JetBlue under the circumstances presented." *Id.*

In affirming the district court's decision, the Second Circuit noted that "[u]nlike the ACAA, Title III of the ADA explicitly provides a private right of action for injunctive relief for violations of a right granted thereunder." *Id.* (citing 42 U.S.C. § 12188(a)). This would naturally exclude a suit for monetary damages. In addition, Title III also provides a specific list of private entities that provide services related to "specified public transportation." This lists specifically excludes aircraft. 42 U.S.C. § 12181(10). Therefore, "[a]ir carriers are not liable under this section for disability discrimination in the provision of services related to air transportation." *Lopez*, 662 F.3d at 598. The Second Circuit found that the "District Court properly dismissed Lopez's disability discrimination claim brought pursuant to Title III of the ADA." *Id.* at 599.

Here, Plaintiff lodges similar claims related to services related to air transportation. Plaintiff alleges that Frontier failed to accommodate him by providing the special seat on the aircraft that he allegedly reserved. (Doc. 1-1 at ¶ 38). Plaintiff's allegations do not fall under the purview of the ADA because the services were not related to a mode of "specified public transportation." Therefore, Plaintiff cannot sustain a private right of action against Frontier pursuant to this statute. Accordingly, Count IV of Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6).

## IV.     CONCLUSION

Counts III and IV of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing Counts III and IV pursuant to Fed. R. Civ. P. 12(b)(6), and for such further relief as this Court deems just and reasonable.

Date: March 9, 2020                                         Respectfully submitted,

**FRONTIER AIRLINES, INC.**


By: /s/ *Mackenzie W. Smith*

SKINNER LAW GROUP
Laurie Alberts Salita (PA ID. 87884)
Mackenzie W. Smith (PA ID. 306685)
101 Lindenwood Dr.
Suite 225
Malvern, PA 19355
484-875-3159 (telephone)
salita@skinnerlawgroup.com
smith@skinnerlawgroup.com

# EXHIBIT A

MARGOLIS EDELSTEIN  
By: Richard J. Margolis, Esquire  
I.D. No. 40574  
The Curtis Center, Suite 400E  
170 S. Independence Mall West  
Philadelphia, PA   19106  
rmargolis@margolisedelstein.com  
(215) 931-5851  
(215) 922-1772  

Attorney for Plaintiff, Marshall Keese

*Filed and Attested by the Office of Judicial Records 10 FEB 2020 12:24 pm M. RUSSO*

---

| | |
|---|---|
| MARSHALL KEESE<br>477 MINERVA STREET<br>PHILADELPHIA, PA. 19142 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | |
| FRONTIER AIRWAYS<br>4545 AIRPORT WAY<br>DENVER, COLORADO 80239 | NO.   191100998 |

---

## CIVIL ACTION - COMPLAINT
## 2O - NEGLIGENCE

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association  
Lawyer Referral and Information Service  
One Reading Center  
Philadelphia, Pennsylvania 19107  
Telephone (215) 238-6333  
TTY(215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Have falta asentar una comparencia escrita o en persona o con un abofado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Dea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted. Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tl servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados de Filadelphia  
Servicio de Referencia e Informacion Legal  
One Reading Center  
Filadelfia, Pennsylvania 19107  
Telefono (215) 238-6333  
TTY (215) 451-6197

Case ID: 191100998

MARGOLIS EDELSTEIN  
By: Richard J. Margolis, Esquire  
I.D. No. 40574  
The Curtis Center, Suite 400E  
170 S. Independence Mall West  
Philadelphia, PA  19106  
rmargolis@margolisedelstein.com  
(215) 931-5851

Attorney for Plaintiff, Marshall Keese

---

| | |
|---|---|
| MARSHALL KEESE<br>477 MINERVA STREET<br>PHILADELPHIA, PA. 19128<br>vs.<br><br>FRONTIER AIRWAYS<br>4545 AIRPORT WAY<br>DENVER, COLORADO 80239 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br>NO.  191100998 |

---

## CIVIL ACTION – COMPLAINT
## 2O - NEGLIGENCE

1. Plaintiff, Marshall Keese, is an adult individual who resides at 477 Minerva Street, Philadelphia, PA 19128.

2. Defendant, Frontier Airways, is a lawful business corporation with its principal place of business located at 4545 Airport Way, Denver, Colorado 80239 which at all relevant times, regularly, systematically and continuously conducted business in the City of Philadelphia and Commonwealth of Pennsylvania and is subject to the general and specific jurisdiction in the Courts of Common Pleas of Philadelphia County.

3. Plaintiff, Marshall Keese, is a fifty-two (52) year male individual, who in March of 2017 underwent a left below the knee amputation, which, at all relevant times, requires him to wear a prosthetic leg.

4. Plaintiff, Marshall Keese is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"),42 U.S.C. § 12101 et.seq., and its implementing regulations and the Air Carriers Access Act ("ACAA"),49 U.S.C. § 41705 and its implementing regulations.

5. Plaintiff, Marshall Keese, leads an active life and routinely travels with friends and family and for social functions.

6. Several weeks prior to June 13,2018, Plaintiff, Keese purchased an airline ticket from defendant, Frontier Airlines on it's online website and specifically requested and reserved a special handicapped seat assignment through the Frontier Airlines special services link on the Frontier Airways web site for an airplane flight from Philadelphia, Pennsylvania to Orlando, Florida on June 16,2018. He was to fly and vacation with his wife, Carol and daughter, Markietra and his son, Marshall Jr.

7. Several weeks prior to June 13,2018, defendant, Frontier Airlines accepted Plaintiff, Keese's offer for the purchase of an airline ticket and reservation of a special handicapped seat and agreed to sell to plaintiff, Keese the specifically requested and reserved special handicapped seat assignment as noted on the Frontier Airlines confirmation ticket email of June 13,2018.

8. On June 16,2018, Plaintiff, Keese arrived at the Philadelphia International Airport and went to the Frontier Airways check in counter where he was given his seat assignment and provided with a wheelchair and an assistant who then wheeled him through the security line and then to the Frontier Airways departure gate. It was only while he was boarding the plane did he realize that he was not being provided with a special seat assignment and was informed that no special seat was available or set aside as required by his special ticket purchase contract and federal law.

9. As a result, and despite his objections that this was dangerous and unsafe for him, Plaintiff, Keese was placed in an airline seat in the rear of the Frontier Airways plane near the bathrooms and told to place his left leg with the protheses out into the aisle of the plane during the flight.

10. Unfortunately, during the flight, a passenger coming from the bathroom tripped over Plaintiff, Keese's left leg and protheses while it was in the aisle and he suffered serious and permanent injuries as set forth in his medical records.

11. As a result of this trauma, upon arrival in Orlando Airport, Plaintiff, Keese and his family were taken by Orlando EMS directly from the airport to Orlando Medical Center Emergency Room.

12. While in Orlando, plaintiff, Keese was forced to rent a scooter for his use during his family vacation in Florida which unfortunately was shortened several days due to the pain and suffering he was enduring as a result of the incident and injuries he suffered on the plane.

13. Since his return home to Philadelphia, plaintiff, Keese has been required to undergo reasonable and necessary medical care and treatment to his left knee, lower back and lumber spine and which continues to the present day and likely into the future and as more fully set forth in his medical records.

## COUNT ONE - NEGLIGENCE

14. Plaintiff, Keese incorporates herein the allegations set forth in paragraphs 1-13 as fully as though the same were set forth herein at length.

15. The aforesaid incident was caused solely by the negligence, carelessness, and recklessness of defendant, Frontier Airways, and which consisted, <u>inter alia</u>, of the following acts and/or omissions:

    (a). Failing to place plaintiff, Keese in a safe airline seat;

(b).   Failing to have due regard for the safety of the plaintiff, Keese while on the airplane;

(c).   Placing plaintiff, Keese in a seat and situation which was unsafe and dangerous under the circumstances;

(d).   Failing to ensure that plaintiff, Keese was provided with proper assistance during his flight to Orlando;

(e).   Failing to ensure that Plaintiff was safely accommodated on his airline flight;

(f).   Requiring plaintiff, Keese to sit in the particular seat that he was placed in despite it requiring him to place his left leg in the isle blocking passage;

(g).   Failing to act with due regard to the plaintiff, Keese in his position and circumstances;

(h).   Failing to properly train its employees to provide adequate services to disabled air travelers including plaintiff, Keese;

(i)    Negligence per se.

(j).   Violating numerous provisions of Title III of the "ADA" and the "ACAA";

(k).   Negligence as a matter of law;

(l).   Failing to properly supervise and train it's employees on complying with the Air Carriers Access Act, "ACAA";

(m).   Failing to properly supervise and train it's employees in complying with the Department of Transportation Rules set forth in Title 14 CFR Part 382 implementing the "ACAA";

(n).   Failing to comply with Title III of the "ADA";

(o). Failing to seat plaintiff, Keese in a seat that did not require him to place his left leg and prothesis in the sole aisle on the plane creating a trip hazard and endangering plaintiff, Keese and other passengers;

(p). Failing to provide personal assistance as he was seated in an unsafe seat.

(q). Failing to provide plaintiff, Keese with reasonable accommodations for his disability including a seat where he was not forced to place his left leg with a protheses in the aisle;

(r). Leaving plaintiff, Keese unattended;

(s). Failing to provide both a means for plaintiff, Keese to sit in his seat with both of his legs in front of him given his physical condition and his prothesis;

(t). negligently providing assistance to plaintiff, Keese;

(u). allowing an employee's performance of his/her duties to proximately cause plaintiff, Keese to suffer serious physical injuries;

(v). Otherwise breaching the high standard of care owed to Plaintiff, Keese.

16. As a direct and proximate result of the carelessness, negligence and recklessness of defendant, Frontier Airways, plaintiff, Marshall Keese , suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

17. As a further direct and proximate result of the carelessness, negligence and recklessness of defendant, Frontier Airways, plaintiff, Marshall Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

18. As a further direct and proximate result of the carelessness, negligence and recklessness of defendant, Frontier Airways, plaintiff, Marshall Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses, and may have unpaid medical bills and or liens incurred as a result of the said incident.

19. Federal aviation law does not preempt application of state tort law to the airline industry.

20. Federal aviation law does not impose any alternative standard of care to that of state tort law and the negligence claims are not preempted.

## COUNT TWO - BREACH OF CONTRACT

21. Plaintiff, Keese incorporates herein the allegations set forth in paragraphs 1-20 as fully as though the same were set forth herein at length.

22. On June 13, 2018, Plaintiff, Keese and defendant, Frontier Airways entered into a written and implied contract to fly on Frontier Airways flight number 1673 with in a safe and proper seat and with the additional specific agreement for Special Services Accommodations to be provided to plaintiff, Keese by defendant, Frontier Airways from Philadelphia, PA to Orlando Florida and with the implied agreement that defendant, Frontier Airways would comply with all applicable common laws of the States and the United States of America including but not limited to the "ADA" and the "ACAA" and the subsequently issued rules implementing compliance with these laws. Defendant is in possession of said airplane ticket confirmation code # VBYN7Q.

23. Despite said written and implied contract between the parties, defendant, Frontier Airways breached the said agreement by failing to provide a safe seating and the special services accommodations the defendant, Frontier Airways agreed to provide to plaintiff, Keese.

24. Defendant, Frontier Airways failed to perform its contractual obligations to transport plaintiff, Keese to Orlando, Florida from Philadelphia, Pennsylvania by failing to provide him with a safe seating and the special services he purchased and a safe seat on the airplane.

25. As a direct and proximate result of the breach of the express and implied contract by defendant, Frontier Airways, plaintiff, Marshall Keese, suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

26. As a direct and proximate result of the breach of the express and implied contract by defendant, Frontier Airways, plaintiff, Marshall Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

27. As a direct and proximate result of the breach of the express and implied contract by defendant, Frontier Airways, plaintiff, Marshall Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses, and may have unpaid medical bills and or liens incurred as a result of the said incident.

## COUNT THREE – VIOLATION OF "ACAA"

28. Plaintiff, Marshall Keese incorporates herein the allegations set forth in paragraphs 1-27 as fully as though the same were set forth herein at length.

29. The Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 et.seq. is the law which sets forth the obligations of air carriers as it relates to disabled travelers and Title 14 CFR Part 382 et.seq. sets forth the rules implementing the Act and prohibits air carriers from discriminating against passengers on the basis of disability and requires carriers to make aircraft other facilities and services accessible and requires carriers to take steps to accommodate passengers with disabilities.

30. Plaintiff, Keese is an "individual with a disability" as defined by the "ACAA" and its regulations and he falls within the parameters of the Act.

31. By failing to properly accommodate, Plaintiff, Keese by having and providing him a safe seat on his flight to Orlando, defendant, Frontier Airways violated the "ACAA".

32. As a direct and proximate result of the violation of the "ACAA" by defendant, Frontier Airways, plaintiff, Keese, suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

33. As a direct and proximate result of the violation of the "ACAA" by defendant, Frontier Airways, plaintiff, Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

34. As a direct and proximate result of the violation of the "ACAA" by defendant, Frontier Airways, plaintiff, Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses, and may have unpaid medical bills and or liens incurred as a result of the said incident.

## COUNT FOUR – VIOLATION OF "ADA"

35. Plaintiff, Keese incorporates herein the allegations set forth in paragraphs 1-34 as fully as though the same were set forth herein at length.

36. Title III of the Americans with Disabilities Act ("ADA"),42 U.S.C. § 12101 et.seq. is a comprehensive civil rights law prohibiting discrimination on the basis of disability with respect to places of public accommodation, transportation and other areas of American life.

Case ID: 191100998

37. Plaintiff, Keese is an "individual with a disability" as defined by the "ADA" and he falls within the parameters of the Act.

38. By failing to properly accommodate, Plaintiff, Keese by having and providing him a safe seat on his flight to Orlando, defendant, Frontier Airways violated the "ADA".

39. Defendant, Frontier Airways negligently provided plaintiff, Keese, a passenger with a disability, proper enplaning assistance which he had requested in violation of 14 C.F.R. Part 382 and 392.93,et.seq. and in violation of the Consent Order issued by the U.S. Department of Transportation on July 21,2017.

40. As a direct and proximate result of the violation of the "ADA" by defendant, Frontier Airways, plaintiff, Keese, suffered severe personal injuries, all of which are/or may be permanent in nature and/or may continue indefinitely into the future as more clearly and thoroughly set forth in his medical records and his treatment, and which were all suffered and received directly as a result of the said accident.

41. As a direct and proximate result of the violation of the "ADA" by defendant, Frontier Airways, plaintiff, Marshall Keese, has been, and may in the future, be prevented from attending to his usual and customary employment and/or obtaining employment or other work and other duties, enjoyments, social activities and hobbies.

42. As a direct and proximate result of the violations of the "ADA" by defendant, Frontier Airways, plaintiff, Keese has been, and may in the future be, unable to work and have and/or will lose income or suffer other financial and economic losses, and may have unpaid medical bills and or liens incurred as a result of the said incident.

WHEREFORE, Plaintiff, Marshall Keese hereby demands judgment against defendant, Frontier Airways in an amount in excess of Fifty Thousand Dollars ($50,000), plus interest, costs and other such relief as may be deemed just and appropriate.

Case ID: 191100998

Respectfully submitted:

MARGOLIS EDELSTEIN

BY: _____
RICHARD J. MARGOLIS, ESQUIRE
Attorney for Plaintiff, Marshall Keese

Date: February 10, 2020

## VERIFICATION

The undersigned verifies that the facts contained within the Complaint, are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the within is that of counsel and not of signer. Signer verifies that he/she has read the within and that the information is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the within are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of *18 Pa.C.S.A. §4904* relating to unsworn falsification made to authorities.

_____
MARSHALL KEESE

Date: 2-8-20

File No.: 79952.0-0002